IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-00082-FDW

| | |
|---|---|
| JESSE LEE KARRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| NORTH CAROLINA DEP'T | ) |
| OF PUBLIC SAFETY; | ) |
| CHRISTOPHER NIVENS; | ) |
| SUSAN WHITE; | ) |
| GEORGE SOLOMON; | ) **ORDER** |
| W. DAVID GUICE; | ) |
| FRANK L. PERRY; | ) |
| JOHN DOES 1-100; | ) |
| JANE DOES 1-100; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

I.  BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is in the custody of the Department of Public Safety ("NC DPS"). In his complaint Plaintiff alleges that on or about April 10, 2012, he was sexually assaulted by Defendant Christopher Nivens whom he identifies as a Case Manager within Mountain View Correctional Institution.[1] Plaintiff contends that the sexual assault occurred after certain correctional staff and inmates informed Nivens that Plaintiff was homosexual. (1:14-cv-00082, Doc. No. 1: Compl. ¶¶ 8, 14). The sexual assaults occurred in part

---
[1] The allegations are taken as true at this stage of review unless otherwise noted.

because Nivens threatened to ship Plaintiff to another correctional institution if he did not participate in the sexual acts which included mutual exposure of Nivens' and Plaintiff's genitals and physical touching. The sexual acts continued during the summer of 2012. On or about August 20, 2012, Plaintiff expressed to Nivens "that things were getting out of control and that they were going to get caught." (Id. ¶ 36). Plaintiff then agreed to further sexual acts in exchange for contraband tobacco and Nivens' assurance that no one would find out.

"Since the pressure was getting to" Plaintiff, he decided to inform Defendant Susan White, whom he identifies as Superintendent of Mountain View Correctional, and Plaintiff contends that Ms. White did not believe that the sexual acts were occurring. Plaintiff was placed in segregation and one or more individuals with North Carolina State Bureau of Investigations ("SBI") spoke with Plaintiff about the allegations of the sexual acts. Plaintiff was later transferred to Craggy Correctional Institution and his new case manager, Mr. Bollis, read Plaintiff the confession which was provided by Nivens.[2]

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably

---

[2] According to a letter submitted by Plaintiff, it appears that Defendant Nivens was convicted of conduct related to Plaintiff's allegations. (Id., Doc. Nos. 13 and 13-1). The website of the NC DPS shows that a "Christopher Nivens" was convicted on November 19, 2014, on the charge of sexual offense by a parent/custodian and sentenced a term of seven years, but his projected release date is September 19, 2016. Nivens is presently housed in the Pamlico Correctional Institution as of August 11, 2015.

2

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

III.     DISCUSSION

In his complaint, Plaintiff includes substantive allegations against only two defendants: Christopher Nivens and Susan White. Plaintiff's allegations against Nivens are substantial when accepted as true at this stage of the proceedings, namely, that Nivens as an employee within the Mountain View Correctional Institution engaged in sexual acts with Plaintiff who was an inmate in exchange for, among other things, contraband tobacco and a promise that the sexual acts would not be discovered by others. The Court finds that on initial review, these allegations state a claim under 28 U.S.C. § 1915A(b)(1).

However, Plaintiff's lone allegations against Defendant White fail to state a claim because they are limited to his contention that Plaintiff disclosed the sexual conduct to White and that White did not believe Plaintiff, yet according to Plaintiff the SBI interviewed him while he was at Mountain View, therefore even if White had expressed skepticism it does not appear that she impeded any investigation into the alleged conduct. Moreover, there are no allegations that Plaintiff had informed White about the sexual conduct prior to this initial disclosure and it appears that there was no further contact between Nivens and Plaintiff. Accordingly, to the extent that Plaintiff alleges a failure to protect, this claim must fail. In particular because Plaintiff's own allegations demonstrate that he was concerned about the sexual acts being discovered thus it does

not appear that he was concerned about approaching White earlier in an effort to prevent any further sexual contact with Nivens. Finally, as Plaintiff's allegations suggest, other officers and inmates had learned about the sexual conduct (although he does not name them), and he apparently feared reprisal, therefore the Court finds that placement in segregation for a month following his revelation to Defendant White does not appear to state an actionable § 1983 claim on these facts. This is especially so because it was Plaintiff that admitted that he only approached White after the "pressure" of his situation began to affect him.

Plaintiff's complaint also includes allegations against defendants George Solomon (Director of NC DPS); W. David Guice (Commissioner of the NC DPS); and Frank L. Perry (Secretary of the NC DPS). These allegations fail to state a claim because Plaintiff does not contend that he informed any of these defendants of the ongoing sexual acts, and Plaintiff's own admissions in his complaint demonstrate that the SBI conducted an investigation into the alleged acts. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that respondeat superior is not applicable in Section 1983 actions when no allegations of failure to supervise). In other words, these defendants are not liable, based on the facts in Plaintiff's complaint, merely because they held supervisory positions in the NC DPS in the absence of allegations that they knew of the sexual conduct but failed to act to prevent further such conduct.

Plaintiff's complaint against John Does 1-100 and Jane Does 1-100 will be dismissed because he does not fairly identify any individual who had knowledge of the initiation of the sexual acts or the ongoing sexual acts until Plaintiff names Defendant White as the person he disclosed the sexual acts to, and it appears that the sexual conduct ceased after White was informed.

Finally, the NC DPS will be dismissed from this action because this defendant is

considered an arm of the State of North Carolina and therefore enjoys immunity from a suit for monetary damages in a Section 1983 action based on the Eleventh Amendment of the U.S. Constitution. Savage v. North Carolina Dep't of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007). Moreover, § 1983 actions are limited to "persons" that violated a plaintiff's rights as protected by Federal law and the DPS is not a person within the meaning of that statute.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's complaint against Defendant Christopher Nivens survives initial review, and the remaining defendants will be dismissed for failure to state a claim or because they are immune from suit.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is directed to mail a summons to Plaintiff which he is directed to complete by naming Christopher Nivens as the defendant, and he must return this summons to the Clerk's Office within 21-days from entry of this order and include thereon Nivens' mailing address so that he may be served with process by the U.S. Marshals Service.

2. Plaintiff is notified that failure to return the completed summons or failure to seek an extension of time to submit the completed summons within 21-days from entry of this Order will result in dismissal of Plaintiff's complaint and without further notice.

3. Plaintiff's motion to appoint counsel is **DENIED without prejudice**. (Doc. No. 9).

4. Plaintiff's motions for a temporary restraining order and a preliminary injunction are **DENIED without prejudice** because he has failed to make the required showing. (Doc. Nos. 10, 16).

**IT IS SO ORDERED.**

Signed: August 12, 2015

Frank D. Whitney
Chief United States District Judge