UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-82-FDW

| | |
|---|---|
| JESSE LEE KARRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 39), and Defendant Christopher Niven's Response that is construed as incorporating a Motion to Dismiss and Motion to Reopen Discovery, (Doc. No. 42).

**I.  BACKGROUND**

*Pro se* Plaintiff Jesse Lee Karrick, filed this action while a North Carolina inmate on January 21, 2014, pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on the claim that Christopher Niven, while employed as a prison case manager, sexually assaulted Plaintiff beginning on or about April 10, 2012. Specifically, Plaintiff alleges that Defendant Nivens coerced him to engage in sexual acts upon threat of having him transferred to another institution, and in exchange for contraband tobacco. Plaintiff finally disclosed the abuse to a prison superintendent, which prompted prison authorities to conduct an investigation. Plaintiff filed an "addendum" to the Complaint, (Doc. No. 13), attaching a March 9, 2015, letter from the North Carolina Department of Public Safety ("DPS"), stating that "Charges were brought against the assailant by the State Bureau of Investigation. The assailant received a sentence of 1 Y 8 M to 7 Y." (Doc. No.

1

13 at 1).[1]

Plaintiff filed an administrative remedy statement in support of his Complaint in which he states under penalty of perjury that he exhausted his administrative remedies with regards to his claim. (Doc. No. 5). Attached to the statement are Plaintiff's grievances. On January 2, 2013, he filed an Administrative Remedy Procedure stating that Defendant Nivens sexually abused him beginning on or about April 10, 2012. (Doc. No. 5 at 8). The grievance was "accepted" on January 17, 2013. (Doc. No. 5 at 5). The Step One Unit Response on January 18, 2013, indicates that an investigation was commenced; Plaintiff signed the response and requested a Step Two Appeal on Janaury 23, 2013. (Doc. No. 5 at 4). The Step Two response dated February 21, 2013, indicates that Nivens was no longer employed at the facility, that Plaintiff had been transferred and was provided access to a psychologist, and that an investigation was ongoing. (Doc. No. 5 at 4). Plaintiff indicated his desire to appeal to the DOC secretary that same day. (Doc. No. 5 at 4). The Step Three findings dated March 18, 2013, indicate that an investigation had begun, that Plaintiff was provided with mental health services, and that the grievance was considered resolved because proper action had been taken by staff. (Doc. No. 5 at 3).

Defendant Nivens, who is also proceeding *pro se*, was served with the Complaint in September, 2015, at which time he was incarcerated. He filed a two-page unverified Answer on September 25, 2015, in which he generally denies Plaintiff's allegations, alleges that Plaintiff would have filed a grievance sooner if the allegations were true, that Plaintiff failed to exhaust administrative remedies, and that compensatory and punitive damages are unavailable because Plaintiff did not suffer any losses and failed to prove that Nivens was motivated by evil intent.

---

[1] The North Carolina DPS website reveals that "Christopher Nivens" was convicted on November 19, 2014, of a sexual offense by a parent/custodian, was sentenced to seven years, and was released to probation on July 16, 2016.

(Doc. No. 21). Defendant Nivens admits in the Answer that he resigned from his position as case manager in mid-October 2012.

Plaintiff filed a Motion for Summary Judgment on March 25, 2016, arguing that Defendant Nivens admitted to prison officials that sexual contact occurred which resulted in a sentence of incarceration of between two and seven years. (Doc. No. 23). Plaintiff attached to his motion the North Carolina Department of Public Safety's Answer in a case Plaintiff brought against it before the North Carolina Industrial Commission, in which it "admitted that in 2012 there was sexual contact between Plaintiff and Christopher Nivens…." (Doc. No. 23 at 3). The Court dismissed the Motion for Summary Judgment without prejudice as premature. (Doc. No. 28).

On December 8, 2016, after the dates in the pretrial scheduling order had expired, the Court provided the parties with the opportunity to file dispositive motions within fourteen days, but neither did so. (Doc. No. 31). The Order was returned as undeliverable as to Defendant Nivens, so the Court gave the parties another opportunity to file dispositive motions on August 14, 2017. (Doc. No. 33). Again, nether party responded so the Court issued an Order for Plaintiff to show cause why the case should not be dismissed for lack of prosecution and failure to comply with Court orders. (Doc. No. 35). The Court dismissed the action without prejudice on September 28, 2017, when Plaintiff failed to timely respond. (Doc. No. 37). However, it reopened the case after receiving a letter and the instant Motion for Summary Judgment from Plaintiff explaining that he wished to continue the case. (Doc. Nos. 39, 40, 41).

In his present Motion for Summary Judgment, Plaintiff states that Defendant Nivens manipulated, coerced, and threatened him to engage in sexual relations while Plaintiff was an inmate and Nivens was a prison employee. As proof he refers to Nivens' confession "admitting everything to officers" during the prison investigation. (Doc. No. 39 at 1).

The Court reopened the case and advised Defendant Nivens in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the requirements for filing a response to the motion for summary judgment and of the manner in which evidence can be submitted to the Court. (Doc. No. 41). In particular, the Court informed Defendant Nivens that the nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment, that he must provide sufficient evidence from which a reasonable jury could return a verdict in his favor, and that he must provide evidence that there is a genuine issue for trial in the form admissible at trial such as affidavits or unsworn declarations. (Doc. No. 41 at 3-5).

Defendant Nivens filed an unverified response to the summary judgment motion on November 16, 2017. (Doc. No. 42). He again generally denies Plaintiff's allegations and states that he requested discovery from Plaintiff on September 25, 2015, to which he never received a response. He asks the Court to dismiss the case because Plaintiff failed to exhaust his administrative remedies, and again alleges that Plaintiff does not meet the criteria for compensatory or punitive damages.

**II. STANDARD OF REVIEW**

**(1) Motion to Reopen Discovery**

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether

4

trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

**(2)** **Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal and factual sufficiency of a complaint. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89 (2007). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The complaint must assert facts that are sufficient to "raise a right to relief above the speculative level" and support a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

**(2)** **Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

6

### III. DISCUSSION

**(1) Defendant's Motion to Reopen Discovery**

Liberally construing Defendant Nivens' summary judgment response, he appears to ask that the Court reopen discovery pursuant to Rule 16(b)(4).

Defendant Nivens' request is denied. Defendant Nivens complains for the first time that he never received a response to a discovery request more than two years ago. He fails to explain how he diligently attempted to obtain discovery during the period stated in the Court's scheduling order and, further, his vague allegation fails to demonstrate how reopening discovery would lead to any relevant evidence. Defendant Nivens has failed to demonstrate good cause to reopen the discovery period, and therefore, his request is denied.

**(2) Defendant's Motion to Dismiss**

**A. Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides that inmates may file suits about prison conditions only if "administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); Custis v. Davis, 851 F.3d 358, 362 (2017); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it."). Instead, failure to exhaust is an affirmative defense that the defendant must raise. Jones, 549 U.S. at 216.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore, 517 F.3d at 721. The procedure is as follows:

> … Step 1 of the procedure allows for the filing of grievances on a "Form DC-410," … which asks for the inmate's name, number, and location, as well as the date, a 'Grievance Statement,' … the remedy the inmate seeks, and the inmate's signature. Under the rules, the inmate must receive a formal written response to his grievance within 15 days from the date on which the grievance is accepted. Should the inmate decide to appeal, he will receive a Step 2 written response within 20 days from the appeal request. And, should the inmate decide to appeal further, he will receive a Step 3 written response within 20 days from the date of that appeal….

Moore, 517 F.3d at 722.

The record refutes Defendant Nivens' claim that Plaintiff failed to exhaust his administrative remedies. Plaintiff submitted a Form DC-410 that set forth clear factual allegations of sexual abuse against Defendant Nivens. (Doc. No. 5 at 8). The prison provided a Step One response to which Plaintiff appealed to Step Two; the prison provided a Step Two response to which Plaintiff appealed to Step Three; and the prison provided a Step Three response. (Doc. No. 5 at 4-8). Defendant Nivens' Motion to Dismiss based on lack of exhaustion is refuted by the record and is, therefore, denied.

### B. Compensatory and Punitive Damages

First, Defendant Nivens appears to argue that § 1997e(e) bars Plaintiff's claims for compensatory and punitive damages because he did not incur medical expenses, lose wages, or lose function of his body as a result on Defendant Nivens' alleged actions.

The plain text of the Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act." 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money

damages is barred because he can show no physical injury."). A "sexual act" is defined as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2) (emphasis added).

Defendant Nivens' reliance on § 1997e(e) is misplaced because Plaintiff alleges that sexual acts occurred, and therefore, no physical injury is required for Plaintiff to recover damages. His motion to dismiss Plaintiff's claim for compensatory and punitive damages pursuant to § 1997e(e) is denied.

Second, Defendant Nivens argues that Plaintiff cannot recover punitive damages because Plaintiff failed to prove his alleged actions were motivated by evil intent.

Punitive damages are available in § 1983 actions "for conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). No evidence of actual malicious intent is required. Smith, 461 U.S. at 37.

Defendant Nivens' coercion of sexual acts from the incarcerated Plaintiff on threat of having him transferred, and in exchange for contraband, certainly qualifies at a minimum as reckless or callous indifference to Plaintiff's protected rights. See, e.g., Mathie v. Fries, 121 F.3d

808, 817 (2d Cir. 1997) (jail chief of security's "outrageous abuse of power and authority" by forcibly sodomizing an inmate under his total control warranted the imposition of up to $200,000 in punitive damages). Defendant Nivens' contention that evidence of evil intent is required is mistaken and the Plaintiff's verified allegations are sufficient to support his claim for punitive damages. Defendant's motion to dismiss Plaintiff's claim for punitive damages is also denied on this ground.

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

**(3)    Plaintiff's Motion for Summary Judgment**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quotation omitted). The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). Rape or other sexual assault perpetrated by a guard against an inmate is offensive to human dignity and violates the Eighth amendment regardless of lasting physical injury. Id.

Plaintiff alleged in his verified Complaint that Defendant Nivens coerced him to engage in repeated sexual acts by threatening to have him transferred to another facility and in exchange for contraband. He asserts in the verified Complaint that Defendant Nivens confessed to the acts

10

during an official investigation. Plaintiff supports these assertions with a letter from DPS stating that his "assailant" had been charged and incarcerated, and an answer filed by DPS in a case before the North Carolina Industrial Commission in which it "admitted that in 2012 there was sexual contact between Plaintiff and Christopher Nivens…." (Doc. No. 13); (Doc. No. 23 at 3). The allegations and evidence Plaintiff has presented satisfied his burden of demonstrating no dispute of material fact that Defendant Nivens coerced him to engage repeatedly in sexual acts while Plaintiff was an inmate and Defendant was a correctional employee.

The burden then shifted to Defendant Nivens to demonstrate that a genuine issue of material fact remains for trial. He has failed to do so. Despite the Court's notification regarding the importance and manner of responding to a motion for summary judgment, (Doc. No. 41), Defendant Nivens' response is unverified, vague, and fails to attach any evidence that would be admissible at trial. (Doc. No. 42). His general disagreement with Plaintiff's assertions is insufficient to create a material issue of fact to avoid summary judgment in Plaintiff's favor.

Therefore, Plaintiff's Motion for Summary Judgment is granted. A trial will be set to determine the amount of damages to which Plaintiff is entitled.

### IV. CONCLUSION

In sum, for the reasons stated herein, the Court denies Defendant Nivens' Motion to Reopen Discovery and Motion to Dismiss, and grants Plaintiff's Motion for Summary Judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 39), is **GRANTED**.

2. Defendant Nivens' Motion to Reopen Discovery and Motion to Dismiss (Doc. No. 42) are **DENIED.**

Signed: December 1, 2017

Frank D. Whitney
Chief United States District Judge