# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-82-FDW

| | |
|---|---|
| **JESSE LEE KARRICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF PUBLIC SAFETY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Final Execution and Order to Preclude Exempt Property Rights, (Doc. No. 57), and Defendant Christopher Nivens's Letter docketed as a Motion for Hearing on Exemptions, (Doc. No. 58).

On January 4, 2018, this Court entered a judgment enforcing a jury verdict awarding Plaintiff $25,000. (Doc. Nos. 48, 49). A Notice to Debtor of Right to Have Exemptions Designated was issued by the Clerk of Court on April 25, 2018. (Doc. No. 56). Plaintiff filed the instant Motion for Final Execution and Order to Preclude Exempt Property Rights on May 9, 2018. (Doc. No. 57). The Motion states that the Notice and Schedules of Debtor's Property and Request to Set Aside Exempt Property "were served upon the Judgment Debtor according to law." (Doc. No. 47 at 1). However, Plaintiff offers no proof of service and asks the Clerk of Court, "Did the Defendant receive the last motions?" (Doc. No. 57-3 at 1).

Defendant has filed two Letters with the Court requesting a hearing on exemptions. In a Letter dated May 19, 2018, that was docketed on June 4, 2018, Defendant asks the Clerk of Court for a hearing to claim his exemptions. (Doc. No. 60). In a Letter dated May 24, 2018, that was

docketed May 29, 2018, Defendant states that he did not receive Plaintiff's Notice until he visited his probation officer on May 7, 2018, and that his request for a hearing was mailed within the 20-day limit for responding. (Doc. No. 59).

A writ of possession cannot be issued unless notice from the court has been served on debtor advising him of his rights. N.C.G.S. § 1C-1603(a)(4). The judgment creditor must cause the notice, which must be accompanied by the form for the statement by the debtor, to be served on the debtor pursuant to N.C.G.S. § 1A-1, Rule 4(j)(1). If the debtor cannot be served that way, the creditor may serve him by mailing a copy to his last known address. Proof of service by certified or registered mail is as provided in N.C.G.S. § 1A-1, Rule 4. The creditor may prove service by mailing to the last known address by filing a certificate that the notice was served indicating the circumstances warranting the use of such service and the date and address of service. If the judgment debtor moves to designate his exemptions, a copy of the motion and schedule must be served on the judgment creditor as provided in N.C.G.S. § 1A–1, Rule 5. See N.C.G.S. § 1C–1603(d). However, if the judgment debtor requests a hearing before the clerk to claim exemptions, "the clerk **must** set a hearing date and give notice of the hearing to the judgment debtor and judgment creditor." N.C.G.S. § 1C-1603(e)(4) (emphasis added).

Defendant claims that he did not receive the Notice and debtor's form until May 7. Plaintiff does not contest that assertion. When three days are added for mailing, Defendant's May 29 Letter requesting a hearing was timely filed within the 20-day limit. See N.C.G.S. § 1A-1, Rule 6(e) (adding three days for mailing). Even though Plaintiff did not provide sufficient evidence of service, Defendant has now requested a hearing on exemptions and the Court is required to set such a hearing. See N.C.G.S. § 1C-1603(e)(4).

Based on the foregoing, Plaintiff's Motion for Final Execution and Order to Preclude

Exempt Property Rights will be denied and Defendant's Motion for Hearing on Exemptions will be granted. A hearing before a designee of the Clerk of Court will be set in a separate Order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Final Execution and Order to Preclude Exempt Property Rights, (Doc. No. 57), is **DENIED**.

(2) Defendant's Motion for Hearing on Exemptions, (Doc. No. 59), is **GRANTED**.

Signed: June 25, 2018

Frank D. Whitney
Chief United States District Judge