# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-82-FDW

| | |
|---|---|
| JESSE LEE KARRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Clerk of Court on Defendant/Judgment Debtor Christopher Nivens' Letter that was construed as a Motion for hearing to designate exemptions. (Doc. No. 59).

A hearing on Defendant's Motion came before the Hearing Officer on July 9, 2018 pursuant to an Order that was mailed to Defendant at his address of record. See (Doc. No. 63). The Clerk of Court finds and concludes as follows:

1. On January 4, 2018, the Court entered a judgment enforcing a jury verdict awarding Plaintiff/Judgment Creditor Jesse Karrick $25,000. (Doc. Nos. 48, 49).

2. The Clerk issued a Notice to Debtor or Right to Have Exemptions Designated on April 25, 2018. (Doc. No. 56).

3. Plaintiff filed a Motion for Final Execution and Order to Preclude Exempt Property Rights on May 9, 2018. (Doc. No. 57).

4. The Court denied the Motion because it found that Defendant had timely requested a hearing to designate exemptions and set a hearing before the Clerk via a Hearing Officer. (Doc. No. 61).

1

5. The Order setting the exemptions hearing directed Defendant to file an inventory or list of property/assets and their respective value for property valued at $1,000 or greater, prior to the hearing. (Doc. No. 63). The Order was mailed to Defendant at his address of record. (Id.). Defendant's receipt of the Order is confirmed by his filing of a Letter mentioning two motor vehicles and a potential future home purchase.[1] (Doc. No. 65).

6. The hearing came before the Clerk's designated Hearing Officer at the Asheville Courthouse at 11:00 AM on Thursday, July 26, 2018. See (Doc. No. 64). The Court attempted to phone Defendant and held the proceedings for 30 minutes, however, Defendant failed to appear.

7. Defendant has failed to comply with the statutory requirements for timely moving for statutory exemptions under N.C. Gen. Stat. § 1C-1603.

8. By failing to appear at the hearing to designate exemptions, Defendant has waived his right to designate statutory exemptions. See N.C. Gen. Stat. § 1-C1601(c); § 1C-1603(e)(4).

9. Defendant has had adequate time and opportunity to designate statutory exemptions and has failed to do so, and the Court has no cause to believe that an extension of time would result in compliance.

**THEREFORE**, the Clerk of Court finds that Defendant/Judgment Debtor Christopher Nivens has waived the right to have statutory exemptions designated as to this execution and designates no property as exempt.[2] Defendant has 10 days from the date of this Order to appeal to

---

[1] The Letter is unverified and fails to include the information required by statute to claim exempt property. See § N.C. Gen. Stat. 1C-1601.

[2] This Order in no way impacts Defendant's right to claim statutory exemptions on subsequent executions or constitutional exemptions. Household Finance Corp. v. Ellis, 419 S.E.2d 592 (N.C. Ct. App. 1992). Nor does it impact Defendant's right to move for modification of this Order. See N.C. Gen. Stat. § 1C-1603(g).

the District Judge. See § 1C-1603(e)(12). Failure to do so will result in the issuance of a writ of execution or writ of possession.

**IT SO ORDERED.**

Signed: July 31, 2018

Frank G. Johns, Clerk
United States District Court