# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:14-cv-82-FDW

| | |
|---|---|
| **JESSE LEE KARRICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF PUBLIC SAFETY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Clerk of Court on Plaintiff's Motion for Writ of Execution, (Doc. No. 67).

On January 4, 2018, the Court entered a judgment enforcing a jury verdict awarding Plaintiff/Judgment Creditor Jesse Karrick $25,000. (Doc. Nos. 48, 49). The Clerk of Court issued a Notice to Debtor or Right to Have Exemptions Designated on April 25, 2018. (Doc. No. 56). Plaintiff filed a Motion for Final Execution and Order to Preclude Exempt Property Rights on May 9, 2018. (Doc. No. 57). The Court denied the Motion because it found that Defendant had timely requested a hearing to designate exemptions and set a hearing before the Clerk via a Hearing Officer. (Doc. No. 61). The Order setting the exemptions hearing directed Defendant to file an inventory or list of property/assets and their respective value for property valued at $1,000 or greater, prior to the hearing. (Doc. No. 63). The Order was mailed to Defendant at his address of record. (Id.). Defendant's receipt of the Order is confirmed by his filing of a Letter mentioning two motor vehicles and a potential future home purchase.[1] (Doc. No. 65). The hearing came before

---

[1] The Letter is unverified and fails to include the information required by statute to claim exempt property. See § N.C. Gen. Stat. 1C-1601.

the Clerk's designated Hearing Officer at the Asheville Courthouse at 11:00 AM on Thursday, July 26, 2018. See (Doc. No. 64). The Court attempted to phone Defendant and held the proceedings for 30 minutes; however, Defendant failed to appear. Defendant has failed to comply with the statutory requirements for timely moving for statutory exemptions under N.C. Gen. Stat. § 1C-1603. By failing to appear at the hearing to designate exemptions, Defendant has waived his right to designate statutory exemptions. See N.C. Gen. Stat. § 1-C1601(c); § 1C-1603(e)(4).

The Clerk of Court entered an Order on July 31, 2018, finding that Defendant waived the right to have statutory exemptions designated and that no property was designated as exempt. (Doc. No. 66). The Order granted Defendant 10 days to appeal these findings to the District Judge and he was cautioned that failure to do so would result in the issuance of a writ of execution or writ of possession.

The time for appealing has expired and Plaintiff has now filed a Motion for Writ of Execution. (Doc. No. 67).

Pursuant to Rule 69(a)(1):

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The Court has followed the State of North Carolina's rules for executing a judgment and provided Defendant ample opportunity to designate exempt property, but he failed to do so. More than fourteen days have passed since the entry of the Judgement and Defendant has neither obtained a stay as of right or otherwise sought to stay the execution of the Judgment. See Fed. R. Civ. P. 62. Therefore, issuance of a writ of execution on the Judgment is warranted in this case.

**THEREFORE**, the Court **GRANTS** Plaintiff's Motion for Writ of Execution, (Doc. No. 67), and directs the Clerk of Court to issue a writ of execution to be served on Defendant/Judgment

Debtor Christopher Nivens. It **FURTHER ORDERED** that Defendant has waived his right to exempt property from execution of judgment and none of Defendant's property shall be set aside as exempt from the execution of this Court's judgment.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge