# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00082-MR

| | |
|---|---|
| JESSE LEE KARRICK, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| CHRISTOPHER NIVENS, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion that the Court Order Defendant to Pay Verdict. [Doc. 76].

In his Motion, filed on March 30, 2020, Plaintiff notes that a jury verdict awarded him $25,000 in damages but "Defendant has not made any attempt to pay Plaintiff after admitting employment" and requests that the Court order "Defendant to pay verdict." [Id.].

The Court issued a Writ of Execution in favor of Plaintiff against Defendant Christopher Nivens on August 15, 2018. [Doc. 69]. The U.S. Marshals Service served the writ on Defendant Nivens but found "nothing to

levy at residence owned by Nivens." [Doc. 74 at 1]. Accordingly, the Marshals have fulfilled the Writ of Execution as ordered by the Court.

Federal Rule of Civil Procedure 69(a) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69. The procedure used in executing the judgment "must accord with the procedure of the state where the court is located." Id.; see Atl. Purchasers, Inc. v. Aircraft Sales, Inc., 101 F.R.D. 779, 781–82 (W.D.N.C. 1984) ("To the extent permitted by due process, federal courts have the inherent authority to enforce their own judgments."). However, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). Plaintiff has received the benefit of the Marshals' efforts to execute the judgment in this case, [Doc. 74], and he may proceed with his own efforts to execute the judgment in accordance with North Carolina law.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 76] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 24, 2020

Martin Reidinger
Chief United States District Judge